THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH FELD, Appellant.— Judgment of the County Court of Kings County, convicting appellant of the crime of extortion, reversed on the law and a new trial ordered. Appellant was indicted jointly with eight others, all officials of a labor union for which the appellant acted as attorney, on the charge of extorting $7,500 from an employer by threatening to foment a strike among its employees. Appellant was separately tried and convicted. The evidence was ample to establish the crime charged against him in the indictment. We are, nevertheless, constrained to reverse the judgment because there was error in the charge of so substantial a character that it cannot be disregarded. The defense was that the employer, instead of being a victim of extortion, had bribed the representatives of the labor union in violation of section 380 of the Penal Law. That this was the theory of the defense is indubitably established by the exception taken to the court's charge, appearing at folio 1594, and the ensuing colloquy. The evidence was overwhelmingly the other way, but a question of fact was presented and the appellant was entitled to have the jury instructed that if the employer were guilty of bribery, the appellant could not be guilty of extortion. The two crimes are mutually exclusive. The court, therefore, erred in charging the jury that the appellant could be found guilty even though the employer had paid the money as a bribe. The charge as given deprived the appellant of his defense, since it authorized the jury to accept his version of the facts and still find him guilty. In any event, the court erroneously left the jury with the idea that to bribe any one connected with a labor union was extortion. As there is to be another trial,

we call attention to error in the admission of certain evidence as to the commission of similar crimes. Under the appellant's admission of the receipt of the money, such evidence would be admissible for the reason that he denied any wrongful intent. (*People* v. *Molineux*, 168 N. Y. 264.) It was not competent, however, merely to have a witness testify that money was paid by someone on a stated occasion. Such testimony is incompetent unless connected with the defendant by further proof that the payments had been made as the result of extortionate demands made by the defendant. Lazansky, P. J., Hagarty and Close, JJ., concur; Johnston, J., with whom Carswell, J., concurs, dissents and votes to affirm the judgment of conviction, with the following memorandum: It must be admitted that the crimes of bribery and extortion are mutually exclusive and that the court erred in charging as matter of law that Michaels, who concededly parted with the money, was an accomplice of the defendant, who was charged with extorting it. This error, however, was not harmful but helpful to the defendant, for he could not be convicted unless Michaels were corroborated by such other evidence as tends to connect defendant with the commission of the crime, and the court so charged. The court refused to charge that if " Michaels paid this money as a bribe, defendant must be acquitted." This request embodies a correct statement of the law as an abstract proposition, but it had no application to the facts in the instant case. The defense was not that Michaels paid the money to a representative of the union " with intent to influence him in respect to any of his acts, decisions, or other duties, as such representative, or to induce him to prevent or cause a strike * * *," which would constitute bribery under section 380 of the Penal Law, but that Michaels made a gift of the money to the union. This is clear from the following testimony of defendant: " Q. At that time you knew that $7,500 had passed? A. I knew that money had been given to the union, yes, sir. * * * Q. You felt that the union treasury should have received that money, didn't you? A. It was not my concern, sir. Q. Answer the question yes or no. Did you feel that the union treasury should have received that money? A. Yes." Moreover, the court correctly stated the defense and clearly defined the issues as follows: " The defendant's contention is that that payment of money was a voluntary gift on the part of the company, that it was a voluntary gift to the organization as an indication of gratitude for including in this contract the inside men, as a result of which the corporation would obtain this contract. That is the issue. If Michaels voluntarily, not as the result of fear induced by threats but out of the goodness of his heart, sympathizing with his employees, anxious to have business go on happily, voluntarily, without any coercion, made this gift, the defendant has committed no crime; * * *." In the light of the above, the court was justified in refusing to charge as requested. The request had no relation to the issue but referred to an immaterial matter. Defendant's guilt was palpable and so convincingly proved that the alleged errors must be disregarded.